THE STATE v. ALLEY, *Appellant.*

**Assault to Kill.** Whether a defendant, charged with assault with intent to kill, had, at the time of committing the alleged assault, reasonable cause to apprehend a design on the part of the other party to do him some great bodily injury and immediate danger that such design would be carried into execution, is a question for the jury, and when there is evidence tending to prove that he had such reasonable cause of apprehension, it is manifest error for the court to refuse instructions which submit that question to the jury.

*Appeal from   Wayne   Circuit   Court.*—HON. R. P. OWEN, Judge.

Indictment for an assault with intent to kill. The evidence, on the part of the State, tended to prove that defendant went to a store at Coldwater, in Wayne county, to buy coal oil; that as he entered the door, one Wakefield, who was already there, called out from the opposite side of the store, "There is Cal. Alley, the damned ——," and then approaching within five or six feet of defendant, repeated "You are a damned ——," at the same time leaning forward towards him; that defendant, without saying a word, drew a pistol and fired three shots, two of which took effect upon by-standers, wounding them; and that

Wakefield was unarmed; and there was nothing about him to lead one to suppose he was armed.

The evidence, on the part of the defendant, tended to prove that when he entered the store he said nothing except " Good evening, gentlemen," then walked directly to the counter and asked for the oil ; that Wakefield was about eighteen feet from him at this time; that when defendant fired Wakefield had come within two or three feet of him, and was leaning over towards defendant with his hands thrown back of his hips; that it was about sundown, and the light was not good in the room; that defendant supposed Wakefield intended to do him some great bodily harm; that defendant was much excited, and only thought of protecting himself when he fired, and that Wakefield, when the first shot was fired, stooped down behind the stove and said " Shoot and be damned."

Instructions Nos. 1. given by the State, is as follows: " If the jury are satisfied from the evidence that the defendant, William C. Alley, in the county of Wayne, State of Missouri, did, at any time within three years next before the finding of the indictment in this case, on purpose and of malice aforethought, shoot at John B. Wakefield with a pistol, with intent to kill the said Wakefield, they ought to find said defendant guilty, and assess his punishment to imprisonment in the penitentiary for any period not exceeding ten years, nor less than two years."

Instructions Nos. 1 and 2, asked by the defendant and refused by the court, are as follows: No. 1. " When one has reason to apprehend immediate danger that a felony will be committed upon him, he may use whatever force or violence is necessary to protect himself, even though in the fray he wound his assailant with a deadly weapon ; and it is not necessary to his justification that in fact a felony was about to be committed. As to whether he was, under the circumstances, justified in employing the weapon, and the measure of violence used, is a question to be passed upon by the jury." No. 2. " If the jury believe from

the evidence that defendant had reasonable cause to apprehend a design on the part of John B. Wakefield to commit a felony upon him, or to do him some great bodly injury, and that there was reasonable cause to apprehend immediate danger of such design being carried into immediate execution, then the jury are instructed that the shooting was justifiable, and they should acquit the defendant." Defendant was convicted and appealed to this court.

*Yancey & Harold* for appellant.

*J. L. Smith*, Attorney-General, for the State.

HENRY, J.—The court, in giving instruction No. 1 for the State, and refusing Nos. 1 and 2 asked by defendant, entirely ignored the evidence as well that adduced by the State as by the defendant, as to the conduct of Wakefield toward defendant. The evidence showed that Wakefield, and other persons, were in a store when defendant entered, politely saluted the company, and walked up to the counter with a can, and asked the merchant for coal oil; that, when he entered, and after he had respectfully passed the ordinary salutation, Wakefield remarked, "There is Cal. Alley," applying to him at the same time an indecent epithet. Then advancing toward defendant, and when within three or four feet of him, leaning over toward him and throwing his hand back behind him, he again applied to him the same indecent epithet. Thereupon, the defendant drew his pistol and made the assault for which he was indicted. On this state of facts, it was not for the court to say that defendant had no reasonable cause to apprehend a design on the part of Wakefield to do him some great bodily injury, and that he had no reasonable cause to apprehend immediate danger that such design would be carried into immediate execution. The jury should have been permitted to pass upon these questions, and it was manifest error in the court to refuse the

instructions asked by defendant. All concurring, the juagment is reversed and the cause remanded.

REVERSED.